UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
 :
**SOLOMON SHANY**, :
 :
                  Plaintiff, :
 : **MEMORANDUM DECISION AND**
       – against – : **ORDER**
 :
 : 23-CV-2466 (AMD) (SJB)
**NEW YORK CITY NYPD**, :
 :
                  Defendant. :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

      On March 16, 2023, *pro se* plaintiff Solomon Shany filed this action pursuant to 42 U.S.C. § 1983 against the New York City Police Department ("NYPD"). (ECF No. 1.) The Court grants the plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) However, for the reasons set forth below, the complaint is dismissed against the NYPD. The Clerk of Court is directed to amend the caption to name Police Officer Sariol, Shield No. 9930 and Police Officer Dicandia, Shield No. 23582 of the 112th Police Precinct as defendants, since the plaintiff names them in documents attached to the complaint. The plaintiff's claims will proceed against those officers.

## BACKGROUND

      The plaintiff alleges that police officers at the 112th Police Precinct discriminated against him more than once. (*See generally* ECF No. 1.) On March 22, 2022, the plaintiff got into a dispute with a neighbor, and called 911. (ECF No. 1 at 9.) Police Officers Sariol and Dicandia responded to the call and arrested the plaintiff. (*Id.* at 9-11.)[1] The plaintiff alleges that the

---

[1] While the plaintiff does not identify the officers in his complaint, he names them in an affidavit that he attaches to the complaint and provides official documentation that they are the officers at issue. (ECF No. 1 at 4-5, 9-15.)

officers harassed him, engaged in "misconduct," used excessive force against him, and falsely arrested him. (*Id.* at 4-10.) The plaintiff seeks $55 million in damages. (*Id.* at 6.)

## STANDARD OF REVIEW

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Because the plaintiff is proceeding *pro se*, I construe his complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The plaintiff's claims must be "read to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted). Nevertheless, I must dismiss an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The New York City Charter provides that "all actions and proceedings for the recovery of penalties for violation of any law shall be brought in the name of the city of New York and not in

2

that of any agency except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Accordingly, the NYPD does not have the legal capacity to be sued. Therefore, the complaint is dismissed for failure to state a claim against the NYPD. 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

The complaint, filed *in forma pauperis*, is dismissed as to the NYPD, as explained above. 28 U.S.C. § 1915(e)(2)(B). The plaintiff's claims against Officers Sariol and Dicandia will proceed. In light of the plaintiff's *pro se* status, the Court directs the Clerk of Court to amend the caption to name Police Officer Sariol, Shield No. 9930 and Police Officer Dicandia, Shield No. 23582, both of the 112th Police Precinct, at 68-40 Austin Street, Forest Hills NY 11375 as defendants. Fed. R. Civ. P. 15(a)(2). The Clerk of Court is also directed to issue the summonses for these defendants, and the United States Marshals Service is directed to serve the summons and complaint upon these defendants without prepayment of fees. The case is referred to Magistrate Judge Sanket J. Bulsara for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff and to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

**SO ORDERED.**

                                                            s/Ann M. Donnelly
                                                    ANN M. DONNELLY
                                                    United States District Judge

Dated:  Brooklyn, New York
         May 9, 2023