**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

INDEX: 23-CV2466-AMD-SJB

------------------------------------------------------------X

SOLOMON SHANY

               Plaintiff,

-against-

P.O. NICHOLAS DICANDIA, shield No.23582,
P.O. RAUL SARIOL, Shield No.9930
THE CITY OF NEW YORK and

"JOHN DOE" and/or "JANE DOE",

               Defendants.

------------------------------------------------------------X

AMENDED COMPLAINT AND JURY TRIAL DEMAND


RECEIVED MAY 30 2023 PRO SE OFFICE

    Plaintiff, SOLOMON SHANY, as Pro-Se (If a lawyer take this case, plaintiff seek expenses & payment ) complaining of the Defendants herein, respectfully alleges as follows:

### JURISDICTION
--------------------

1. This is a civil action, seeking compensatory damages, punitive damages.
2. This action is brought pursuant to 42 U.S.C §§1983 and 1988 and the fourth amendment to the Constitution of the United States.
3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367
4. Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for battery and false arrest. Misconducts & Harassments.

## VENUE

---------

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

_____

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.
7. At all times relevant hereto, plaintiff SOLOMON SHANY, was and is a natural person, resident in the County of Queens, City and State of New York.
8. At all times relevant hereto, defendant P.O. NICHOLAS DICANDIA, Shield No. 23582 (hereinafter "DICANDIA") was and is natural person employed as a police officer by the Police Department of defendant CITY OF NEW YORK.
9. At all times relevant hereto, defendant P.O. RAUL SARIOL, Shield No. 9930 (hereinafter "SARIOL") was and is a natural person employed as a police officer by the Police Department of defendant CITY OF NEW YORK.
10. At all times relevant of defendant CITY OF NEW YORK was and is a municipal, organized and existing pursuant to laws of the State of New York.
11. On or about May 16, 2022, this date being within ninety (90) days after the claims herein sued accursed, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.
12. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the

Comptroller has neglected and refused to make payment of said claim.

13. This action is commenced within one year and ninety days from the date the supplemented claims herein accured.

14. The individual defendants are sued in their individual capacities.

. AS AND FOR A FIRST CAUSE OF ACTION AGAINST
. DEFENDANTS DICANDIA and SARIOL

. _____
. (42 U.S.C. § 1983)

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "    " hereinabove as if more fully set forth at length herein.

16. At time of the events alleged herein, plaintiff was seventy-six years of age.

17. At all times relevant hereto, plaintiff and his wife were lawful occupants of apartment 1L at the premises 99-65 64th Road, Rego Park, County of Queens, City and State of New York (hereinafter "subject premises")

18. The aforementioned apartment is rent regulated pursuant to applicable statutes, ordinances, rules and regulations of the State and City of New York. Plaintiff occupy this premises since 1982, to present, as such, his rent very low, and been freeze by "DRIE".

19. On or about December 1, 2019, a new tenants took occupancy of Apartment 2L at the subject premises.

20. Upon information and belief, the aforementioned new tenants was installed in the apartment directly over plaintiff's by the owner of the subject premises for the purpose of harassing plaintiff and his wife into vacating their rent-stabilized apartment and moving out of the subject premises

21. Upon information and belief, having plaintiff's apartment vacated enable the owner of the premises to take steps resulting in the lifting of rent regulations on the apartment, thereby entitling the owner to increase the monthly rent.

22. Upon information and belief, the aforementioned new tenants of Apartment 2L was purposely making noises at nights, at the behest of the owner of the subject premises, so as to harass plaintiff and his wife.

23. Between December 1, 2019 and August 20, 2022, plaintiff continually called the New York City 311 line to register numerous (Over 1000+) noise complaints with regard to the aforementioned tenant of Apartment 2L.

24. On or about December 20, 2021, new Tenants took occupancy of Apartment 1K , directly to plaintiff's share bedroom's wall ,at the subject premises.

25. Upon information and belief, the aforementioned new tenants at 1K, been installed to harass plaintiff by loud music at nights, and kicking/ banging on shared bedroom wall. (On top of harassment by 2L.).

26. Upon information and belief, the new tenants 1k, permitted by owner, on January 2022, to install surveillance camera, outside and top of their door, aim to plaintiff #1L, recording 24/7, following plaintiff and breach the privacy and security of plaintiff.

27. Between December 20, 2021 and August 20, 2022, plaintiff continually called the New York City 311 and 911 to register numerous noises complaints, and kicking/banging at nights ,on Shared wall bedroom, cracking and damaging it ,loud music at nights by tenants 1k.

28. Between December 1, 2019 and August 20, 2022 , plaintiff call every nights to management and Law firm of owner, reporting

the noises by apartments 2L, and the loud music ,banging ,kicking and cracking wall at nights, as HARASSMENTS by 1k.

29.   On numerous occasions (over 1000+) between December 1, 2019 and August 20, 2022, police officers arrives at plaintiff's building (mostly by both defendants herein) in response to his aforementioned complaints, but consistently failed and refused to take any action whatsoever with regard to them.

30.   On hundreds of call to 311 , even 911, the police at 112 PCT, closed the service call, in a few minutes (2 to 10 minutes), notify plaintiff through email ,( while plaintiff who walk with a cane, waiting half an hour ,at front door building, that locked 24/7 to open the door for police) that" the police responded to complaint and determined that police action was NOT necessary" in 2-10 minutes closed! (Have ALL printed for evidence).

31.   Plaintiff have numerous complaints to "EC" (agents complaints) and to IAB (internal affair ) for police never arrived to 311/911 calls, but closed the cases automatically ,in minutes (have ALL proof).

32.   Shortly after midnight on March 22, 2022, at 00:07 am Plaintiff call 311 register loud music, and kicking wall shared bedroom, by tenants 1K. (cell records proof). Police did not arrive. plaintiff waited (half an hour) at front door to open for police .

33.    Same night at 01;31 am plaintiff call 911, for tenants 1k, kicking shared wall and cracked it, then came to #1L door, banging and threat to kill him. Both defendants mentioned, arrived very late. Argue with plaintiff ,that they will bang on 1L door each time they come, to harass plaintiff, because plaintiff harass them by calling 311/911, and officer SARIOL threat plaintiff to arrest him, if he call again. (Plaintiff complaint to CCRB).

34. Same night around 2 am Plaintiff call 911, for tenants 1K, kick wall damage it, and came out to bang and kick 1L door. As They went to their 1K, plaintiff open door to walk to front door for police. The tenants 1k, notice through their camera plaintiff open door, one waive a metal rod on plaintiff (hiding behind the other, who had lop top, ready to record plaintiff, and threat to bit him up. The police did not arrive.

35. At 02:39 am , The 1k again kick wall , and came bang on 1L door, then went back in 1K. Plaintiff call again 911. Plaintiff open door to wait for police in lobby, to open door locked 24/7. At that moment, one tenant 1K, Name ADONIS FUENTES , who was ready with lop top to record, standing by their door ,while the other one hiding behind ,waiving a knife .

36. Plaintiff got scare, and had old cane of mosquito fly, that never kill even fly (forced to put glue on ceiling instead ,to catch flies in 1L), open door a little, to spray on the lop top, to avoid recording plaintiff, and to defense from the knife threat, and closed door. Waiting for police to arrive.

37. At 03;03 am again the 1K, kick shared wall and banging on wall , sound by metal rod. Plaintiff call 311 , and register complaint and that 911 did not arrive for threat by 1K. been transferred to 911.

38. While waiting in 1L, plaintiff heard banging on 1L door, and heard police call "Solomon open door, it is police ". Plaintiff open door, and saw officer SARIOL, who hold the door open by his foot. Officer SARIOL step in apartment 1L, grab the right hand of Plaintiff, twist it and put hand cuff, (without any notice) while he order Officer DICANDIA to jump into apartment to hand cuff the left arm, and he DID jump in apartment and both pull plaintiff out of his apartment, while plaintiff had only GAON on, refused

6

plaintiff hold the cane (They saw plaintiff 100's times always with cane, when responding to 100's 311 calls), Both hold each side hand, of plaintiff, and drag plaintiff by his black GAON (was torn by SARIOL while pulling plaintiff, dragging plaintiff on floor, out of building to police car outside.

39. SARIOL push plaintiff into back of the police car, then kick several time plaintiff legs, as plaintiff had hard time to move with hand cuff on, and said to plaintiff, finally we got you arrested, we promised you. Shut up!

40. While in 112 PCT, plaintiff put in jail room, with hand cuff on. Officer DICANDIA came and told plaintiff we got you arrested for harassing us. Then start take picture and finger prints, gave hard time to plaintiff, as without cane, (suffer imbalance) plaintiff could not walk, and DICANDIA was holding and pulling plaintiff. Refusing plaintiff to go bathroom.

41. The arrest was at 5:00 am on 03/22/22 ,Arrest number Q2260855 and signed by P.O. DICANDIA . who told plaintiff that he is going to spend long time in jail, we told you not to call us.

42. Around 7 am, DICANDIA came to plaintiff, and inform him, that he get desk appearance to criminal Court. If he is not appearing he will come to arrest plaintiff again. As DICANDIA mention the date, plaintiff said that he has Court date on same day, to change the date. DICANDIA refused.

43. DICANDIA pull plaintiff by hand to desk front of SGT. The SGT order plaintiff to walk out the 112 PCT. Plaintiff complaint, that officers refused the cane of plaintiff, and I am afraid to fall, can not walk without a cane, asking a cane. Been refused. Could not stand, Put me to sit on chair in PCT.

44. One officer came to plaintiff, and order him out immediately. Plaintiff ask a cane. Been refused. The officer said , scroll on the

floor as DOG, and get the hele out of here, or I throw you out physically.

45. Plaintiff try to stand, hold the wall and fell on his back on floor in 112 PCT. Officer left me on floor till ambulance came, took me to North well Hospital.

46. Plaintiff file CCRB against SARIOL about the FALSE ARREST, and the entry into apartment to put hand cuff, without any notice ahead, been arrested.

47. On March 28, 2022, afternoon, the plaintiff walk out of 1L towards pharmacy to collect medicine. While walking with the cane, from behind, ADONIS kick the cane of plaintiff, push him to floor, and said I will kill you. ADONIS run back to building, while plaintiff call 911. Police got ADONIS in 1K, and P.O. officer wrote a report. Latter Plaintiff was in Emergency room for pain & injury.

48. The 112 PCT did nothing to address this complaint.

49. Legal AID took the case, and Plaintiff never went to Criminal Court, as Plaintiff was in Hospital for Catheter, could not go bathroom, and pass surgery. Plaintiff was sick constantly. SUFFER PAIN AND EMOTIONAL STRESS.

50. District attorney adjourned the case for 6 months, to dismiss the case and sealed it. It is been dismissed and sealed.

51. Defendants violate d the plaintiff's rights guaranteed to him to by the fourth amendment to the Constitution of the United States in acting under colorof state law, they failed to take any action whatsoever to deter or prevent from falsely Arresting and imprisoning plaintiff and from using excessive force on him, in his health condition and age of 76, disable person.

52. Because of the aforementioned acts committed against him by defendants SARIOL and DICANDIA, plaintiff suffered a deprivation of his right to be arrested and confined only with

probable cause therefore, and his right to be free from the use of excessive force, both guaranteed to him by the fourth amendment to the Constitution of the United States, and as a result, suffered a deprivation of his liberty.

53. By reason of the unconstitutional and illegal actions taken against him by the individual defendants in this action, plaintiff has been damaged in an amount sufficient to compensate him for his suffering, and additional , seeks punitive damages against defendants SARIOL and DICANDIA.

. **AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS SARIOL , DICANDIA AND CITY OF NEW YORK**

.------------------------------------------------------------------------

- (Battery)

54. Plaintiff repeats, reiterates and realleged each and every allegation contained in paragraphs "1" through "53" hereinabove as if more fully set forth at length herein.

55. On or about March 22, 2022 approximately 5:00 am, in the apartment 1L, the premises 99-65 64th Rd. Rego park, NY 11374, County of Queens, City and State of New York, defendants SARIOL and DICANDIA having no legitimate law enforcement reason to do so, offensively toughed plaintiff by handcuffing him , drag ,and kick him.

56. At the aforementioned time and place, defendants SARIOL and DICANDIA were acting within the scope of his employment bt defendant CITY OF NEW YORK.

57. As a result of the battery committed upon him by defendants SARIOL and DICANDIA while they were acting within the scope of his employment CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate  him for suffering as enumerated herein above and in additional, seeks punitive

9

damages against defendants SARIOL and DICANDIA.

.                    AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS SARIOL, DICANDIA AND CITY OF NEW YORK

.-------------------------------------------------------------------------------

---     .           (False arrest)

58. Plaintiff repeats, reiterates and realleged each and every allegation contained in paragraphs "1" through "53" hereinabove as if more fully set forth at length herein.

59. On or about March 22, 2022 at approximately 5 am, in the apartment 1L, the premises 99-65 64th Rd, Rego park, County of queens, City and State of New York, defendants SARIOL and DICANDIA , without any probable cause therefore, wrongfully and unlawfully arrested plaintiff and against plaintiff's own free will, caused plaintiff to be taken by police car to 112 PCT, where plaintiff was confined, against his own free will, for several hours in jail.

60. Defendants SARIOL and DICANDIA falsely, maliciously, wrongfully, unlawfully and illegally committed the aforementioned acts of falsely arresting and imprisoning plaintiff without any probable cause for doing so whatsoever.

61. At the time they committed the aforesaid acts of false arrest and false imprisonment against plaintiff, , defendants SARIOL and DICANDIA were acting within the scope of his employment by defendant CITY OF NEW YORK.

62. By reason of the false arrest and false imprisonment committed against him By defendants SARIOL and DICANDIA, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered a loss of his liberty, was rendered sick, sore , and suffering emotional stress.

63. As a result of the acts of false arrest and false imprisonment committed against him by defendants SARIOL and DICANDIA, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his suffering and emotional stress, as enumerated hereinabove and in addition, seeks punitive damages against defendants SARIOL and DICANDIA ,while they were acting within the scope of their employment by defendant CITY OF NEW YORK, PLAINTIFF HAS BEEN DAMAGED in an amount sufficient to compensate him for his false arrest and suffering as enumerated hereinabove and in addition seeks punitive damages against defendants SARIOL and DICANDIA.

. WHEREFORE, plaintiff SOLOMON SHANY, demands judgment against defendants P.O NICHOLAS DICANDIA, P.O.RAUL SARIOL and THE CITY OF NEW YORK, AS FOLLOWS:

. FIRST CAUSE OF ACTION: An amount sufficient to compensate him for his suffering and false arrest enumerated hereinabove and in addition, seeks an award of punitive damages against defendants SARIOL and DICANDIA.

. SECONDCAUSE OF ACTION: An amount sufficient to compensate him for suffering and false arrest enumerated hereinabove and, in addition, seeks an award of punitive damages against defendants SARIOL and DICANDIA , and CITY OF NEW YORK.

. THIRD CAUSE OF ACTION: An amount sufficient to compensate him for his suffering and false arrest. Enumerated hereinabove and, in addition, seeks an award of punitive damages against defendants SARIOL and DICANDIA and

. In addition, plaintiff demands any costs and disbursements,

for attorney 's fees, if applicable to have trial by attorney, pursuant to 42 U.S.C. § 1988.

Dated: May 29, 2023, New York

_____

. SOLOMON SHANY/Plaintiff

99-65 64th Rd. #1L, Rego Park, NY 11374

718-496-7809

SWORN TO BEFORE ME ON...30...MAY 2023

```
YAKUBSHOLOM ISKHAKOV
Notary Public, State of New York
No. 01IS6137786
Qualified in Queens County
Commission Expires December 08, 20__25
```